IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DANNER CONSTRUCTION, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:12-CV-04076-CV-C-NKL |
| ) | |
| DANIEL BEBERMEYER, ) | |
| D & D DEVELOPMENT, LLC, ) | |
| and ) | |
| FEDERAL DEPOSIT INSURANCE ) | |
| CORPORATION AS RECEIVER FOR ) | |
| SUN SECURITY BANK, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Defendant Federal Deposit Insurance Corporation as Receiver for Sun Security Bank ("the FDIC-R") moves to dismiss Plaintiff Danner Construction, LLC ("Danner")'s claims against the FDIC-R for lack of subject matter jurisdiction. [Doc. # 19]. The FDIC-R argues that Danner's claims are barred by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1821, because Danner failed to file a timely administrative claim with the FDIC. Danner concedes that the Court lacks subject matter jurisdiction, but argues that the proper relief is remand to state court. [Doc. # 22]. Danner seeks remand solely because it would allow the Court, in its discretion, to award Danner attorney's fees based on the FDIC-R's allegedly unreasonable removal. The FDIC-R replies that remand is inappropriate because, under

1

the FIRREA, all courts, including Missouri state courts, lack jurisdiction to hear Danner's claims.

For the reasons set forth below, the Court DENIES the FDIC-R's motion to dismiss [Doc. # 19], REMANDS the case to the Circuit Court of Morgan County, Missouri, and DENIES Danner's request for attorney's fees [Doc. # 22].

## I.	Background and Procedural History

Danner's claims against the FDIC-R arise from an alleged embezzlement scheme perpetrated by one of Danner's employees. Sun Security Bank was one of the banks the Danner employee allegedly used to embezzle the money. Danner filed this suit against Sun Security Bank and others on January 19, 2010, in the Circuit Court of Morgan County, Missouri.

On October 7, 2011, the Missouri Commissioner of Finance closed Sun Security Bank and appointed the FDIC as Receiver for Sun Security Bank. As such, the FDIC-R stands in the shoes of Sun Security Bank with respect to all matters, including the present litigation. On February 16, 2012, Judge Stan Moore in the Circuit Court of Morgan County entered an order substituting the FDIC-R in the place and stead of Sun Security Bank in the suit initiated by Danner.

Prior to this, on October 7, 2011, the FDIC issued a press release about the appointment of the FDIC as Receiver for Sun Security Bank. This press release contained an administrative Claims Bar Deadline of January 11, 2012. The FDIC also published several notices about the Receivership in generally circulated newspapers in Missouri, which was the principal place of business of Sun Security Bank. These notices

2

also contained the Claims Bar Deadline of January 11, 2012. Danner was not sent an individual mailed notice of the Receivership, however, because Danner was not listed as a creditor of Sun Security Bank at the time the FDIC accepted the Receivership. Danner never filed an administrative claim with the FDIC.

The FDIC-R removed the present case on March 20, 2012, pursuant to the FDIC's statutory right to removal under 12 U.S.C. § 1819(b)(2)(B). On July 2, 2012, the FDIC-R filed this motion to dismiss for lack of subject matter jurisdiction, relying on Danner's failure to file an administrative claim prior to the January 11, 2012 Claims Bar Deadline.

## II.     Discussion

The parties agree that the Court lacks subject matter jurisdiction to hear Danner's claims against the FDIC-R. Under 12 U.S.C. § 1821(d)(13)(D), an administrative claim must be filed before any court may establish jurisdiction over a claim against a failed financial institution or its successor. It is undisputed that Danner did not file an administrative claim prior to the Claims Bar Deadline. Danner does not contest the sufficiency of the notice it received, and instead concedes that this Court does not have subject matter jurisdiction to hear Danner's claims against the FDIC-R. Consequently, the only issue is the proper relief.

### A.     Whether Remand or Dismissal is Proper

The FDIC-R seeks dismissal of Danner's claims and Danner requests remand to state court. Where a case is removed from state court and it later becomes apparent that the district court lacks subject matter jurisdiction, "the case *shall be* remanded." 28 U.S.C. § 1447(c) (emphasis added). On the other hand, "no court" has jurisdiction to

3

hear a claim brought against the appointed receiver for a failed banking institution unless administrative procedures are first exhausted. 12 U.S.C. § 1821(d)(13)(D); *Tri-State Hotels, Inc. v. FDIC*, 79 F.3d 707, 712 (8th Cir. 1996) ("Judicial review of claims governed by FIRREA is contingent on the completion of the administrative review process. . . . '[A]dministrative exhaustion is required before *any court* acquires subject matter jurisdiction over a claim' against the FDIC as receiver for a failed thrift." (quoting *Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 484 (8th Cir. 1993) (emphasis added)). Danner apparently does not intend to challenge this jurisdictional bar to its claims in state court because, wholly irrespective of the jurisdictional defect, Danner considers any further prosecution of its claims against the FDIC-R to be "an exercise in futility." [Doc. # 22 at 2] (citing the FDIC-R's insufficient assets).

The sole issue, then, is whether there is a futility exception to the nondiscretionary language contained in 28 U.S.C. § 1447(c).[1]

> Although remand is required by statute when the federal district court lacks subject-matter jurisdiction over a removed case, a minority of courts have recognized an exception to this rule, allowing dismissal of a case rather than remand for cases in which remand would be futile. Most courts hold, however, that if the district court lacks subject-matter jurisdiction of a removed action, dismissal is inappropriate, and the court must remand the action.

---

[1] The FDIC-R does not expressly advocate for a futility exception and instead contends only that remand is inappropriate because no court, including a Missouri court, has subject matter jurisdiction over the case. Given the mandatory language contained in 28 U.S.C. § 1447(c), the Court interprets the FDIC-R's argument as implicitly arguing for the existence of a futility exception. *Cf. Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213 (3rd Cir. 1997) ("The Appellees contend that the district court did not err in dismissing the matter under the "futility exception" to § 1447(c), which allows a district court to dismiss an action rather than remand it to the state court when remand would be futile because the state court also would lack jurisdiction over the matter.").

4

14 Fed. Proc. Forms § 58:97 (2012) (citations omitted). The Eighth Circuit has apparently never specifically addressed this issue. But it has held generally that, where a federal court "determines that no federal jurisdiction exists, it *must* remand the case back to state court." *First Nat'l Bank of Salem v. Wright*, 775 F.2d 245, 246 (8th Cir. 1985) (citing 28 U.S.C. § 1447) (emphasis added).

The majority of other circuits do not recognize a futility exception. The Third, Fourth, Seventh, and Eleventh Circuits have expressly rejected this exception. *See Bromwell v. Michigan Mut. Ins. Co.*, 115 F.3d 208, 213-14 (3rd Cir. 1997); *Roach v. West Virginia Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 49 (4th Cir. 1996); *Smith v. Wisconsin Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139 (7th Cir. 1994); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). In an unpublished opinion, the Tenth Circuit likewise declined to recognize the existence of such an exception. *See Jepsen v. Texaco, Inc.*, No. 94-6429, 1995 WL 607630, at *3 (10th Cir. 1995). Although the First and Second Circuits have discussed the possibility of a futility exception, neither adopted this exception when given the opportunity to do so. *See Maine Ass'n of Interdependent Neighborhoods v. Comm'r, Maine Dep't of Human Servs.*, 876 F.2d 1051, 155-56 (1st Cir. 1989); *Barbara v. New York Stock Exchange, Inc.*, 99 F.3d 49, 56 n.4 (2d Cir. 1996). Furthermore, in dicta cited by many of the decisions addressing this issue, the Supreme Court noted that "'the literal words of § 1447(c), . . . give . . . no discretion to dismiss rather than remand an action.'" *Int'l*

*Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (quoting *Maine Ass'n of Interdependent Neighborhoods*, 876 F.2d at 1054).

Only the Ninth and Fifth Circuits have adopted the futility exception. *See Asarco, Inc. v. Glenara Ltd.*, 912 F.2d 784, 787 (5th Cir. 1990); *Bell v. City of Kellog*, 922 F.2d 1418, 1425 (9th Cir. 1991); *see also Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 11 (D.D.C. 2007) (surveying the case law and concluding that only the Ninth and Fifth Circuits recognize the futility exception). However, "later decisions by the Ninth Circuit called its *Bell* decision into question." *Russell's Garden Ctr., Inc. v. Nextel Commc'n of Mid-Atlantic, Inc.*, 296 F. Supp. 2d 13, 19-20 (D. Mass. 2003) (citing *Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 938 (9th Cir. 2003); *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257-58 (9th Cir. 1997)). This led one court considering this issue to conclude, "The Fifth Circuit . . . is the only remaining circuit to endorse unambiguously the futility exception in a published opinion—and it rendered its decision before the Supreme Court decided *Int*[*ernational*] *Primate*." *Russell's Garden Ctr.*, 296 F. Supp. 2d at 20. The weight of authority is thus substantially against recognizing a futility exception.

The inherent danger of adopting a futility exception is that it would permit a federal court to impermissibly speculate about how a state court will resolve a particular question. *See, e.g.*, *Maine Ass'n of Interdependent Neighborhoods*, 876 F.2d at 1055-56 ("But the fact that we believe a certain legal result *unlikely* . . . is not sufficient grounds for reading an exception into the absolute statutory words 'shall be remanded.' . . . We therefore conclude that the district court ought to have followed the statute, 28 U.S.C. §

6

1447(c), as written, and remanded the case, . . . ."); *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d at 410-11 ("This provision [§ 1447(c)] is mandatory and may not be disregarded based on speculation about the proceeding's futility in state court. . . . Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly.").

In the present case, as acknowledged by the FDIC-R, Danner could argue that the lack of individual notice regarding the Claims Bar Deadline or some principle of equity excuses the failure to exhaust administrative remedies. *See* [Doc. 20 at 13-15]. Danner apparently does not intend to pursue these arguments in state court. But this does not reduce the danger of adopting a rule that would generally permit federal courts to speculatively decide issues that should be left to the competence of the state courts. Consequently, the Court will adhere to the clear language of 28 U.S.C. § 1447(c) and remand the case.

### B. Danner's Claim for Attorney's Fees

Danner argues that an award for attorney's fees is appropriate because the FDIC-R's removal was objectively unreasonable. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." § 1447(c). The award of fees under this section "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (U.S. 2005). Although highly discretionary, an award of attorney's fees is usually proper "only where the

7

removing party lacked an objectively unreasonable basis for seeking removal." *Id*. at 141.

The facts the FDIC-R relies upon now to show lack of subject matter jurisdiction were available when the FDIC-R took Sun Security Bank's place in this litigation. Nonetheless, the FDIC-R removed this case on March 20, 2012. The question, then, is whether it was objectively reasonable for the FDIC-R to remove this case when it knew or should have known that the Court did not have jurisdiction to hear the case.

Danner argues that the FDIC'R's removal into federal court was an unnecessary waste of time and resources. In addition, Danner states that removal inflicted particular hardship on Danner. According to Danner, its state court counsel was ready for trial. On removal, Danner had to hire additional counsel and incurred further expenses in order to prepare the case for trial in this Court. Moreover, Danner states that the FDIC-R's counsel specifically represented to Danner at the Rule 26 conference on April 12, 2012, that the FDIC-R was not "sitting on" any affirmative defenses that the FDIC-R had not yet pleaded.

The FDIC-R does not provide any response to Danner's allegations and does not explain why it decided to remove this case in the first place. Nonetheless, the Court will not award attorney fees because of the removal. Federal issues were clearly raised by Duncan's state court petition and the question of a court's jurisdiction is often litigated after removal. While it certainly would have been desirable for the FDIC-R to raise this issue before removing, it was not objectively unreasonable to seek resolution of the question from a federal court. The award of fees "should recognize the desire to deter

8

removing party lacked an objectively unreasonable basis for seeking removal." *Id*. at 141.

The facts the FDIC-R relies upon now to show lack of subject matter jurisdiction were available when the FDIC-R took Sun Security Bank's place in this litigation. Nonetheless, the FDIC-R removed this case on March 20, 2012. The question, then, is whether it was objectively reasonable for the FDIC-R to remove this case when it knew or should have known that the Court did not have jurisdiction to hear the case.

Danner argues that the FDIC'R's removal into federal court was an unnecessary waste of time and resources. In addition, Danner states that removal inflicted particular hardship on Danner. According to Danner, its state court counsel was ready for trial. On removal, Danner had to hire additional counsel and incurred further expenses in order to prepare the case for trial in this Court. Moreover, Danner states that the FDIC-R's counsel specifically represented to Danner at the Rule 26 conference on April 12, 2012, that the FDIC-R was not "sitting on" any affirmative defenses that the FDIC-R had not yet pleaded.

The FDIC-R does not provide any response to Danner's allegations and does not explain why it decided to remove this case in the first place. Nonetheless, the Court will not award attorney fees because of the removal. Federal issues were clearly raised by Duncan's state court petition and the question of a court's jurisdiction is often litigated after removal. While it certainly would have been desirable for the FDIC-R to raise this issue before removing, it was not objectively unreasonable to seek resolution of the question from a federal court. The award of fees "should recognize the desire to deter

8

removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin*, 546 U.S. at 140. As there is no evidence that removal was sought in order to prolong the litigation or impose costs on Danner, an award of attorney's fees is not appropriate under 28 U.S.C. § 1447(c).

## III. Conclusion

For the foregoing reasons, the Court DENIES the FDIC-R's motion to dismiss, [Doc. 19]. Because the Court lacks subject matter jurisdiction in this case, however, the Court REMANDS the case to the Circuit Court of Morgan County, Missouri, pursuant to 28 U.S.C. § 1447(c). Danner's request for attorney's fees incurred as a result of removal [Doc. # 22] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: September 17, 2012
Jefferson City, Missouri